IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

ADAM PELLETIER,                                                       Civil Action No.

    Plaintiff,

v.

BILL RUCK and
RUCK ROOFING

    Defendants,

## COMPLAINT

Plaintiff, by and through his undersigned counsel, files this complaint for unpaid wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants Bill Ruck and Ruck Roofing (with Bill Ruck, "Defendants") formerly employed Plaintiff Adam Pelletier as a roofer at various job locations in Maine and New Hampshire.

2. Defendant Bill Ruck owns, manages and controls the business operations of Ruck Roofing, including the finances and payrolls and determines the essential terms and conditions of employment for those working at Ruck Roofing, including Plaintiff Adam Pelletier.

3. During the entirety of Pelletier's employment with the Defendants, he would routinely work in excess of forty (40) hours per week and was not paid at the proper overtime rate. Further, Pelletier was required to go to Ruck Roofing's place of business in order to prepare for jobs. He was not paid for preparing for jobs or for traveling to and from the jobs from Ruck Roofing's place of business. This unpaid time was approximately one to two hours each day

4. Defendant Ruck personally exercised control over Defendant Ruck Roofing, including but not limited to setting employment and payment rates and policies concerning employees working for Ruck Roofing, including Pelletier.

5. The Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 664, and 670.

6. The Defendants' violations of the FLSA and Maine's wage laws were willful and deliberate.

7. Pelletier seeks compensation for the Defendants' violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Adam Pelletier is a resident of York County, Maine.

9. Defendant Bill Ruck is, upon information and belief, a resident of York County, Maine.

10. Defendant Ruck Roofing is a Maine business with principal address of P.O. Box 1524, Biddeford, Maine 04005, which advertises that it does business in Maine, New Hampshire and Southern Massachusetts.

11. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

13.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendants are headquartered, conduct substantial business, and/or reside in the state of Maine.

## FACTS

14.   Defendant Bill Ruck owns and operates Defendant Ruck Roofing, which operates out of Biddeford Maine and has provided roofing services throughout Maine, New Hampshire and Southern Massachusetts since at least 2008.

15.   Plaintiff Adam Pelletier was employed by Defendants Bill Ruck and Ruck Roofing as a roofer from 2008 through approximately June 2017.

16.   Defendants Bill Ruck and Ruck Roofing have well over $500,000 in gross receipts per year.

17.   Pelletier, at the direction of Defendants Bill Ruck and Ruck Roofing, routinely handled goods that had traveled in interstate commerce and has worked at various locations in both Maine and New Hampshire.

18.   Defendants did not have a poster detailing the minimum wage at their workplace.

19.   During 2015, Pelletier's was paid at a rate of $15 per hour. On or about January 2016, Pelletier's pay rate was increased to $16 per hour. On or about October 2016, Pelletier's pay rate was increased to $19 per hour.

20.   Pelletier was paid on a weekly basis.

## DEFENDANTS FAIL TO PROPERLY PAY PELLETIER OVERTIME WAGES

21.   Pelletier routinely worked greater than forty (40) hours per week, but would not be paid at the proper rate of time and a half of his base rate for all hours over forty (40).

22. Pelletier's paystubs did not reference the number of hours he worked in a given week.

23. To determine the number of hours for which Pelletier was paid, one must divide Pelletier's pay for that week by his then pay rate. For example:

    a. For the week 8/31/15 – 9/6/15, Pelletier was paid $820. That figure divided by his pay rate during 2015 ($15) shows he worked 54.7 hours.

    b. For the week 4/18/16 – 4/14/16, Pelletier was paid $855. That figure divided by his pay rate during that portion of 2016 ($16) shows he worked 53.4 hours.

    c. For the week 5/15/17 – 5/21/17, Pelletier was paid $950. That figure divided by his pay rate during that portion of 2017 ($19) shows he worked 50 hours.

24. In each of the weeks referenced above, and for most others, Pelletier was paid for each hour worked on a roofing site at his base rate, including for all hours over forty he worked in a given week, and not at the proper time and a half rate for hours over forty (40) required under the FLSA and Maine Wage Laws. And was not paid any money, including overtime, for the time spent preparing for work and driving to and from the home base to the roofing sites.

**PELLETIER WAS NOT A SALARIED EMPLOYEE**

25. As noted above, Pelletier's paystubs did not reference the number of hours he worked in a given week, but rather only stated "Salaried Wages" and left all other payment information blank, including the rate of pay, the regular hours, o/t hours, d/t hours and benefit hours.

4

26. Pelletier's weekly pay was not consistent, as would be the case with properly "Salaried Wages."

27. For example, Pelletier's paystub for the period ending 6/28/15 indicated that he was paid $905 for the week 6/22/15 – 6/28/15. Pelletier's paystub for the following week (6/29/15-7/5/15) indicated that he was paid $620.

28. This variance in Pelletier's wages was consistent throughout his employment with the Defendants:

    a. For the week 6/6/16 – 6/12/16, Pelletier was paid $1,037. For the following week (6/13/16 – 6/19/16) Pelletier was paid $875.

    b. For the week 4/17/17 – 4/23/17, Pelletier was paid $610. For the following week (4/24/17 – 4/30/17) Pelletier was paid $820.

29. At no point in his employment with the Defendants did Pelletier's responsibilities change.

30. Upon information and belief, this subterfuge was intended to mask the obvious overtime violation.

**DEFENDANTS COMPEL PELLETIER TO WORK WITHOUT PAY**

31. Defendants paid Pelletier solely for those hours he was working at a given roofing site. This roofing work would typically begin around 8 A.M.

32. On a regular basis, the Defendants required Pelletier to be present at Defendant Bill Ruck's home at or around 6:30 A.M. to prepare materials, gas up work trucks, and do other minor tasks to prepare for the work to be done that day.

33. After preparing the materials at Defendant Bill Ruck's base, Pelletier would be required to travel with the work trucks and materials, either as a passenger or as a driver, to that day's work site.

34. Despite the work done by Pelletier prior to arriving at the roofing site, Defendants paid Pelletier solely for the time he was physically at the roofing site.

35. Pelletier was never paid for the time he spent either preparing job materials at Defendant Bill Ruck's base or traveling to the roofing site.

### DEFENDANTS FAIL TO CORRECT THEIR FAILURE TO PAY

36. Plaintiff Pelletier, through counsel, demanded all unpaid wages and his employment files by certified letter dated June 19, 2017, which was delivered to Defendants on June 21, 2017.

37. The Defendants have refused to correct their failure to pay Plaintiff Pelletier notwithstanding the receipt of complaints.

### CLAIMS FOR RELIEF

### COUNT I:

### BREACH OF MAINE WAGE PAYMENT LAW
### AS TO ALL DEFENDANTS

38. Plaintiff Pelletier incorporates all previous paragraphs.

39. The Defendants employed Plaintiff Pelletier as a roofer.

40. The Defendants failed to pay Plaintiff Pelletier all overtime wages due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

41. The Defendants failed to pay Plaintiff Pelletier for all hours worked as required under 26 M.R.S. § 629 by engaging him in non-compensatory activities for the benefit of the employer, including but not limited to preparing equipment for a work site.

42. The Defendants failed to pay all wages due Plaintiff Pelletier all wages due on payday as required under 26 M.R.S. § 621-A.

43. After leaving employment, Plaintiff Pelletier demanded payment of the late and unpaid wages in compliance with 26 M.R.S. §§ 626 and 626-A. Defendants indisputably owed Plaintiff Pelletier payment of all wages due.

44. The Defendants failed to pay Plaintiff Pelletier within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:

### BREACH OF MAINE OVERTIME LAW
### AS TO ALL DEFENDANTS

45. Plaintiff Pelletier incorporates all previous paragraphs.

46. The Defendants employed Plaintiff Pelletier under 26 M.R.S. §663.

47. The Defendants failed to pay Plaintiff Pelletier all overtime wages due under 26 M.R.S. § 664 by failing to pay him for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

48. Accordingly, under 26 M.R.S. §670 the Defendants are liable to Plaintiff Pelletier for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:

## BREACH OF THE FAIR LABOR STANDARDS ACT
## 28 U.S.C. §§ 201 *et seq.*
## AS TO ALL DEFENDANTS

49. Plaintiff Pelletier incorporates all previous paragraphs.

50. During all times relevant to this action, Plaintiff Pelletier was employed by the Defendants as defined by 29 U.S.C. § 203(g).

51. The Defendants failed to pay Plaintiff Pelletier for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

52. During all times relevant to this action, Plaintiff Pelletier was employed by the Defendants in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

53. The Defendants had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff Pelletier, who handled and worked on materials which had been moved in interstate commerce.

54. The Defendants failed to pay Plaintiff Pelletier all overtime wages due at the proper overtime rate for all hours worked in excess of forty (40) hours in a given week, as is required by the FLSA.

55. Plaintiff Pelletier is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff Pelletier demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorney fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

d. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

e. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

f. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

g. Granting such other relief as this Court deems just and proper.

Dated: July 26, 2017

Respectfully Submitted,

/s/ Peter Mancuso
Peter Mancuso, Esq.
Andrew Schmidt, Esq.

Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiff*